USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __7/18/22__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NOEL ARROYO-BEY,

                Plaintiff,

-against-

MANHATTAN NORTH MANAGEMENT CO. INC,

                Defendant.

22-CV-4789 (AT)

ORDER OF SERVICE

---

ANALISA TORRES, United States District Judge:

Plaintiff brings this *pro se* action under the Americans with Disabilities Act of 1990 (ADA), and the Federal Food, Drug, and Cosmetic Act.  By order dated July 1, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP).

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

**A.     Federal Food, Drug, and Cosmetic Act**

Plaintiff cites to 21 U.S.C. § 360bbb-3(e)(1)(A)(ii)(I-III).  Section 360bbb-3 of the Federal Food, Drug, and Cosmetic Act (FDCA), which sets out the statutory framework for emergency authorization of products by the United States Food and Drug Administration.  *See* 21 U.S.C. 360bbb-3.  But the FDCA does not create a private right of action to "enforce alleged violations" of the statute.  *Donohue v. Hochul*, No. 21-CV-8463 (JPO), 2022 WL 673636, at *7 (S.D.N.Y. Mar. 7, 2022) (citing *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1113 (2d Cir. 1997)).  Accordingly, there is no private right of action to enforce alleged violations of the emergency use authorization itself, as the private right of action to enforce an agency requirement "can extend no further than the personal right conferred by the plain language of the statute," *Taylor ex rel. Wazyluk v. Hous. Auth. of City of New Haven*, 645 F.3d 152, 153 (2d Cir. 2011).  The Court dismisses claims asserted under the FDCA.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Order of Service**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).  Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be

issued.  The Court therefore extends the time to serve until 90 days after the date the summons is issued.  If the complaint is not served within that time, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Manhattan North Management Co. Inc. through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the defendant.  The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

For the reasons stated above, Plaintiffs' claims asserted under the FDCA are DISMISSED.

The Clerk of Court is instructed to: (1) issue a summons for Manhattan North Management Co., Inc.; (2) complete the USM-285 form with the address for this defendant and deliver all documents necessary to effect service to the U.S. Marshals Service; and (3) mail an information package to Plaintiff.

SO ORDERED.

Dated: July 18, 2022
New York, New York

ANALISA TORRES
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

Manhattan North Management Co., Inc.
107-129 East 126 Street
New York, NY 10035